UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cr-20 |
| ) | |
| SYLWIA J. SZOT, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the various discovery motions [DE 52; DE 53; DE 54] filed by the defendant, Sylwia J. Szot, on November 27, 2024. For the following reasons, the motions [DE 52; DE 53; DE 54] are **DENIED.**

*Background*

The defendant, Sylwia J. Szot, is charged in a one count indictment with a violation of 18 U.S.C. § 371. In particular, it is alleged that Szot and 2 others conspired to steal shipments from interstate commerce by having the goods delivered to a warehouse which they leased and used as a truck terminal. After obtaining possession of the goods, it is alleged that the defendants either extorted payments from the rightful owners or sold the goods themselves. Besides identifying the co-conspirators, the indictment provides the names of the companies involved in the scheme and the location of the warehouse where the diverted loads were stored.

Due to the volume of discovery, the parties agreed that this was a complex case for purposes of The Speedy Trial Act. [DE 22; DE 28]. In its response, the government has identified documents which have been provided in discovery. The documents purport to show Szot's involvement in leasing and banking transactions and supplement the detailed allegations contained in the indictment.

*Discussion*

**Federal Rule of Criminal Procedure 7(f)** provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable [her] to prepare for trial." **United States v. Canino**, 949 F.2d 928, 949 (7th Cir. 1991); *see also* **United States v. Vaughn**, 722 F.3d 918, 927 (7th Cir. 2013); **United States v. Fassnacht**, 332 F.3d 440, 446 (7th Cir. 2003); **United States v. Glecier**, 923 F.2d 496, 501 (7th Cir. 1991); **United States v. Andrus**, 775 F.2d 825, 843 (7th Cir. 1985).

A defendant is only entitled to know the offense with which she is charged, not all the evidence of how it will be proved. *See* **United States v. Kendall**, 665 F.2d 126, 135 (7th Cir. 1981). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." **United States v. Smith**, 230 F.3d 300, 306 (7th Cir. 2000). Indeed, the Seventh Circuit has held that a bill of particulars is not necessary when an indictment lays out the elements of the charged offenses, gives sufficient notice of the charges to allow the defendant to prepare a defense, gives the time and place of the accused's allegedly criminal conduct, and cites the applicable statute or statutes. **Vaughn**, 722 F.3d at 927; *see also* **United States v. Hernandez**, 330 F.3d 964, 975 (7th Cir. 2003); **Fassnacht**, 332 F.3d at 446. The defendant's constitutional right is to know the offense with which she is charged, not to know the details of how it will be proved. **Fassnacht,** 332 F.3d at 466 (quoting **United States v. Kendall,** 665 F.2d

126, 135 (7th Cir. 1981)).  The key question is whether the defendant was sufficiently apprised of the charges against her in order to enable adequate trial preparation. *Vaughn*, 722 F.3d at 927 (quoting *United States v. Blanchard,* 542 F.3d 1133, 1140 (7th Cir. 2008)).

In making this determination, the court is not required to consider only the indictment. The information may be provided to the defendants through "some other satisfactory form." *Canino,* 949 F.2d at 949 (the government had maintained an "open-file" policy); *Fassnacht*, 332 F.3d at 447 n. 2 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); *Glecier,* 923 F.2d at 501-02 (a "volume of documents and records" had been provided by the government during discovery).  Adequate discovery can "satisfy the need for a bill of particulars." *Vaughn*, 722 F.3d at 928.

Given the details contained in the indictment and the extensive discovery provided by the government, Szot has been informed of the charges against her and has the ability to prepare a defense. Boilerplate motions are disfavored by the court.

The pending motion also requested *Brady* and *Giglio* materials in spite of this Court's order requiring the government to comply with its constitutional obligations. [DE 13; *see also Fassnacht,* 332 F.3d at 466]. Besides using another boilerplate motion, defense counsel did not include the required statement that the discovery problem had been discussed with the government's attorney. **N.D. Ind. L.R. 37-1(a)**; *see also* DE 12. As expected, the government responded that it was aware of its obligations and has provided any exculpatory evidence in its possession. No further discussion of this request is required.

ENTERED this 27th day of January, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge